Filed 7/21/14  P. v. Smith CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN WAYNE SMITH,<br><br>Defendant and Appellant. | A139512<br><br>(Sonoma County<br>Super. Ct. Nos. SCR630783,<br>SCR633352, SCR633357) |

**STATEMENT OF THE CASE**

On February 28, 2013, the Sonoma County District Attorney filed a felony complaint against defendant alleging violations of Penal Code sections 288, subdivision (c)(1) [lewd conduct upon Jane Doe, a person 15 years of age, in Count One]; 288.3, subdivision (a) [contacting a minor with the intent to commit lewd acts in Count Two]; 664 and 288a, subdivision (b)(2) [attempted oral copulation with a person under the age of 16 by a person over the age of 21 in Count Three]; 288.4, subdivision (a)(1)[arranging a meeting with a minor for the purpose of engaging in lewd acts in Count Four]; and 148, subdivision (a)(1) [unlawful obstruction of an officer in the performance of his duties in Count Five].  The complaint had a designation of case no. SCR-630783.

On April 23, 2013, a one-count felony complaint was filed against defendant charging a violation of Penal Code section 422 [criminal threats].  The complaint also alleged defendant was on bail in SCR-630783, within the meaning of Penal Code section

1

12022.1, when he committed the new offense. The new complaint had a designation of SCR-633352.

On April 25, 2013, a two-count felony complaint was filed charging defendant with violations of Penal Code sections 69 [threats against an executive officer to prevent the performance of the officer's duties in Count One]; and 243, subdivision (c)(1) [battery on a custodial officer in the performance of his duties in Count Two], a misdemeanor. The complaint also alleged defendant was on bail pursuant to Penal Code section 12022.1 at the time of the new offenses. The third complaint was designated SCR-633357.

All three complaints were consolidated for plea negotiation purposes and sentencing. A negotiated disposition was reached in the cases. In SCR-630783, defendant pled to Count One (Pen. Code, § 288, subd. (c)(1)) for a two-year sentence and a concurrent sentence of six months on Count Five. The remaining charges were dismissed. In SCR-633352, defendant pled to Count One (Pen. Code, § 422) for a consecutive eight-month term to the sentences imposed in SCR-630783. He also admitted the 12022.1 enhancement for a two-year consecutive sentence to SCR-630783. In SCR-633357, defendant pled to Count One (Pen. Code, § 69) for a two-year sentence concurrent with the other cases; the remaining charge was dismissed. The total sentence defendant received on all the complaints was therefore an aggregate term of four years, eight months in state prison.

<strong>STATEMENT OF FACTS</strong>

The parties stipulated the police reports in these cases satisfy the factual basis for the individual pleas. They were summarized in the probation report. This recitation is derived from that report.

### 1. SCR-630783

On February 26, 2013, a Rohnert Park police officer on patrol observed two people in the backseat of a car, defendant and Jane Doe. Defendant admitted he was

2

about to "get down" with Doe. Doe admitted she was 15 years old and had met defendant a week before. She indicated she had received a text message from defendant that day and chose to skip school to spend time with him. Defendant tried to rent a hotel room at two locations that day but could not do so. Doe asked defendant to take her back to school but he refused. He drove to a park where he parked the car and advised Doe to get in the back seat of the vehicle and remove her pants. Doe told the officer she was now afraid of defendant and complied because she wondered about his mental stability. Defendant kissed her and then pulled down her pants. He was preparing to remove his shorts. He began licking Doe's thigh and asked her to fellate his penis which was erect. The police arrived as she was refusing to do this.

Defendant told police he had tried two hotels that day, the Budget Inn and Hampton Inn, but could not obtain a room because he had no credit card. The video at each site showed defendant at the hotel clerk's office. Defendant indicated he met Doe one week before and she advised him she was 18 years old. He believed this.

A witness told police he had seen the couple park and both get into the back seat. They had been there for ten minutes before the police arrived.

On the way to the jail, defendant became aggressive with an officer and claimed he was going to "fuck [him] up." Defendant also eventually conceded that, even though Doe indicated she was 18 years old, he believed she looked younger. He denied licking her vaginal area but agreed he planned to have sex with her.

### 2. SCR-633352

On April 21, 2013, Tyler Chapman advised police he had received a threatening message from defendant, then on bail, on his Facebook account. The April 19 message from defendant advised Chapman he would be spending the rest of his life "in a wheelchair and eating through a straw." If Chapman tried to avoid defendant, the defendant would then seek out Chapman's family. Defendant further indicated "[t]oday [was] the day" and proceeded to detail what violence he planned for the Chapman family.

3

Chapman told police he had never met defendant. However, six months prior, defendant - who was dating Chapman's previous girlfriend - left a threatening message on Chapman's phone. Defendant was upset about a conversation Chapman had with the girlfriend. Defendant threatened to come to California where Chapman lived and cause trouble. At the time, Chapman was not worried because his ex-girlfriend and defendant lived in Idaho. While Chapman advised defendant he had no further interest in defendant's girlfriend, the threats continued. Apparently, the girlfriend was now in the Sonoma County jail and Chapman believed defendant had returned to the area to be close to her.

Police inquiry disclosed the girlfriend was in fact in the Sonoma County jail. The police obtained a protective order for Chapman based on the threats. While defendant was not served with the order, he was arrested on a warrant based on the threats. After waiving his *Miranda* rights, defendant admitted calling Chapman regarding his girlfriend. He admitted he threatened to fly to California to address the matter. Defendant also contacted Chapman on Facebook, asking Chapman to contact him, but alleged his account had been hacked by a person named Josh who sent the subsequent messages. Defendant conceded he had hostile feelings regarding Chapman because his girlfriend was now threatening to leave him and return to Chapman. "I was going to kill him. Just out of my rage, my anger, and my hurt."

### 3. SCR-633357

On April 23, 2013, defendant refused to cooperate with jail deputies at an interview. He was forcibly placed in a restraint chair. He continued to threaten deputies and their families. When questioned about this behavior, defendant conceded he had drugs on his person when he came to the jail and had used them before the interview.

## ANALYSIS

Defendant's counsel has indicated this court should conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. He has affirmed

his review already and concluded there are no errors in this record he needs to address. He also contacted defendant regarding his conclusion and indicated defendant may chose to file a supplemental brief in this matter if there are issues he believes merit consideration by this court. No supplemental brief has been submitted in this regard.

We have reviewed the record in this case. Defendant entered a plea to several charges and had others dismissed through plea negotiations. We are satisfied he was ably represented here at all times. All legal requirements in the plea bargaining process were satisfied.

## DISPOSITION

We affirm the judgment.


_____
Dondero, J.


We concur:


_____
Humes, P.J.


_____
Margulies, J.